UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
J.K. INTERNATIONAL PTY LTD.,

                 Plaintiff,

- against -

STX PAN OCEAN CO. LTD.,

                 Defendant.
------------------------------------------------------------X

08 Civ. 2352 (LAK)

ECF CASE

## ANSWER WITH AFFIRMATIVE DEFENSES AND COUNTERCLAIM

Defendant, STX PAN OCEAN CO. LTD. ("STX"), by and through its undersigned counsel, Lennon, Murphy & Lennon, LLC, answering the allegations set forth in Plaintiff J.K. INTERNATIONAL PTY LTD.'s ("JKI") Amended Verified Complaint alleges, upon information and belief, as follows:

1. Calls for a legal conclusion such that no admission or denial is warranted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Denied.

7. Repeats responses as set forth in paragraphs 1 through 6.

8. Denies knowledge or information sufficient to form a belief as to the allegations set forth at paragraph 8 of the Amended Verified Complaint.

9. Denied.

10. Admits that Defendant has an exclusive general agent in New Jersey, and, except as so admitted, denies the remaining allegations set forth in paragraph 10 of the Amended Verified Complaint.

## **AFFIRMATIVE DEFENSES**

### **First Affirmative Defense**

The Amended Verified Complaint fails to state a cause of action upon which relief may be granted.

### **Second Affirmative Defense**

Defendant is not liable to Plaintiff on the causes of action alleged in the Amended Verified Complaint.

### **Third Affirmative Defense**

This Court lacks personal jurisdiction over the Defendant.

### **Fourth Affirmative Defense**

This Court lacks subject matter jurisdiction over this dispute.

### **Fifth Affirmative Defense**

This Court lacks *quasi in rem* jurisdiction over the Defendant.

### **Sixth Affirmative Defense**

Plaintiff's claims are barred by the equitable doctrine of unclean hands.

### **Seventh Affirmative Defense**

Plaintiff's claims are barred by the equitable doctrine of laches.

### **Eighth Affirmative Defense**

Any damages sustained by the Plaintiff, as alleged in the Amended Verified Complaint, were proximately, directly or solely caused by the negligent acts of third persons whom Defendant had and has no direction or control.

### Ninth Affirmative Defense

Plaintiff knowingly and intentionally assumed any and all risk inherent in the shipment of goods at issue by sea, which is a complete bar to recovery.

### Tenth Affirmative Defense

Any damages that may have been sustained by Plaintiff, as alleged in the Amended Verified Complaint, occurred as a direct result of Plaintiff's own negligent conduct, and not by any negligence of Defendant and as such Plaintiff is barred from recovery in this action.

### Eleventh Affirmative Defense

Plaintiff is guilty of culpable conduct in the events giving rise to the claims now asserted in Plaintiff's Amended Complaint, and its recovery, if any, must be diminished in proportion thereto.

### Twelfth Affirmative Defense

Plaintiff has failed to mitigate its damages.

### Thirteenth Affirmative Defense

The forum is inconvenient and the Amended Verified Complaint should be dismissed pursuant to the doctrine of Forum Non-Conveniens.

### Fourteenth Affirmative Defense

This action, or part thereof, is founded upon improper venue and/or should be transferred pursuant to 28 U.S.C. §1404.

### Fifteenth Affirmative Defense

Plaintiff has failed to make proper service of process upon Defendant.

### Sixteenth Affirmative Defense

This Answer and Counterclaim is made without waiver of any jurisdictional defenses or rights to arbitrate that may exist between the parties. Further, this Answer and Counterclaim is made without waiver of Defendant's right to move to vacate the attachment on any basis, including but not limited to, that Defendant is present in a convenient adjacent district for Rule B purposes.

### Seventeenth Affirmative Defense

The claims for which security is sought are contingent, unaccrued, premature and/or not ripe for adjudication and should result in the vacatur of any attachment of Defendant's property.

### Eighteenth Affirmative Defense

All disputes between the parties are subject to arbitration in London, England.

### COUNTERCLAIM

As and for its Counterclaim against the Plaintiff, Defendant, STX PAN OCEAN CO. LTD., alleges, upon information and belief, as follows:

1.   This is an admiralty and maritime claim within the meaning of Federal Rule of Civil Procedure 9(h).

2.   At all times material to this action, Defendant STX was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of foreign law.

3.   At all times material to this action, Plaintiff JKI was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of the laws of Australia.

4

4. At all times material to this action, STX was the disponent owner of the ocean going vessel "YONGAN 3" (hereinafter the "Vessel").

5. On January 4, 2007, STX chartered the Vessel to JKI for the carriage of cargo.

6. Disputes subsequently arose between the parties regarding JKI's failure to pay hire to STX in breach of the Charter Party.

7. As a result of JKI's failure to pay hire in breach of the Charter Party, STX suffered damages in the approximate amount of $178,338.94, exclusive of interest, arbitration costs and attorneys fees. *See account statement detailing amounts owed annexed hereto as Exhibit "1."*

8. STX expects to recover the following amounts at arbitration as the prevailing party:

| | | |
|---|---|---|
| a. | Principal claim for hire: | $178,338.94 |
| b. | Interest over the course of four years at prime rate average of 8% per annum: | $64,340.38 |
| c. | Estimated recoverable attorney's fees and arbitration costs: | $450,000.00 |
| | Total: | **$692,679.32** |

9. All disputes between STX and JKI under the Charter Party are subject to arbitration in the City of London, England and are subject to English law.

10. STX is entitled to recover against JKI on the Counterclaim under English law.

11. STX's damages as described herein are the direct consequence of Plaintiff's failure to pay hire in breach of the Charter Party.

12. STX's counterclaim arose from the same transaction or occurrence that is the subject of the original action.

**WHEREFORE**, Defendant prays:

A. That the Court vacates the attachment and dismisses Plaintiff's Amended Verified Complaint;

B. That in the alternative, the Court cites Plaintiff to answer under oath all and singular the matters alleged in Defendant's Counterclaim;

C. That the Court retain jurisdiction to compel the Plaintiff to arbitrate in accordance with the United States Arbitration Act, 9 U.S.C. § 1 *et seq.*;

D. That pursuant to Rule E(7) of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing Plaintiff to post countersecurity in the form of a surety bond in the sum of **$692,679.32** or other form of security acceptable to Defendant and approved by the Court, failing which the attachment of any and all of Defendant's property attached in this action pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims be immediately vacated;

E. That upon Plaintiff's posting of Countersecurity in the sum of **$692,679.32**, that this matter be stayed pending arbitration in the City of London, England and that this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

F. That this Court recognize and confirm any arbitration award(s) or judgment(s) rendered on the Counterclaim set forth herein as a Judgment of this Court;

G. That in the alternative, the Court enter Judgment against Plaintiff on Defendant's counterclaim set forth herein;

H. That this Court award Defendant its attorney's fees and costs of this action; and

I.  That the Defendant have such other, further and different relief as the Court may deem just and proper.

Dated: April 4, 2008
       Southport, CT

                              The Defendant,
                              STX PAN OCEAN CO. LTD.

By: _____
Patrick F. Lennon (PL 2162)
Nancy R. Peterson (NP 2871)
LENNON, MURPHY & LENNON, LLC
The GrayBar Building
420 Lexington Ave., Suite 300
New York, NY 10170
(212) 490-6050 – phone
(212) 490-6070 – fax
pfl@lenmur.com
nrp@lenmur.com

## AFFIRMATION OF SERVICE

I hereby certify that on April 4, 2008, a copy of the foregoing Answer and Counterclaim was filed electronically and served by FedEx, return receipt mail and/or facsimile on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's CM/ECF system.

By: _____
Nancy R. Peterson (NP 2871)

# EXHIBIT "1"

STATEMENT OF ACCOUNT

MV: YONG AN 3/ J K INTERNATIONAL

05/01/2007 (USD)

| | | | DEBIT | CREDIT |
|---|---|---|---|---|
| HIRE | | | | |
| 07-1-16 4:20 TO 07-4-3 6:30 | | | | |
| 77.090278 DAY X $27,250.00 | | | | 2,100,710.07 |
| ADD COMM | 2.50% | | 52,517.75 | |
| BRKG | 1.25% | | 26,258.88 | |
| | | | | |
| BAL BONUS | | | | 425,000.00 |
| ADD COMM | 2.50% | | 10,625.00 | |
| BRKG | 1.25% | | 5,312.50 | |
| | | | | |
| BUNKER ON DELIVERY | | | | |
| FO | 744.24 MT X | $280 | | 208,387.20 |
| DO | 83.50 MT X | $550 | | 45,925.00 |
| | | | | |
| BUNKER ON REDELIVERY | | | | |
| FO | 746.248 MT X | $280 | 208,949.44 | |
| DO | 73.700 MT X | $550 | 40,535.00 | |
| | | | | |
| OWS' ACCT | | | | |
| EST OWS EXP | | | | |
| est ows exp comm | | | | |
| off hire survey | | | | |
| | | | | |
| CHRTS' A/C | | | | |
| C/V/E | 1,300 /M | | | 3,340.58 |
| ILOHC | | | | 4,500.00 |
| | | | | |
| 1ST HIRE | | | 1,057,417.67 | |
| 2ND HIRE | | | 394,042.97 | |
| 3RD HIRE | | | 356,116.17 | |
| 4TH HIRE | | | 326,344.21 | |
| 5TH HIRE | | | 131,354.32 | |
| | | | | |
| SUB TOTAL | | | 2,609,473.91 | 2,787,862.85 |
| BALANCE DUE T(OWS | | | 178,388.94 | |
| | | | | |
| GRAND TOTAL | | | 2,787,862.85 | 2,787,862.85 |

WOORI BANK(SWIFT CODE: HVBKKRSE)
SEJONGNO OPERATION TEAM, SEOUL
WOORI BANK NEW YORK, USA
A/C NO. 1081-300-237625
BENEFICIARY: STX PANOCEAN CO.,LTD