UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
J.K. INTERNATIONAL PTY LTD.,                          :
                                                       :            08 Civ. 2352 (LAK)
                                  Plaintiff,           :
                                                       :            ECF CASE
          - against -                                  :
                                                       :
STX PAN OCEAN CO. LTD.,                                :
                                                       :
                                  Defendant.           :
-----------------------------------------------------------------X

### AMENDED ANSWER WITH AFFIRMATIVE DEFENSES AND COUNTERCLAIM

Defendant, STX PAN OCEAN CO. LTD. ("STX"), by and through its undersigned counsel,

Lennon, Murphy & Lennon, LLC, answering the allegations set forth in Plaintiff J.K.

INTERNATIONAL PTY LTD.'s ("JKI") Amended Verified Complaint alleges, upon information

and belief, as follows:

1.    Calls for a legal conclusion such that no admission or denial is warranted.

2.    Admitted.

3.    Admitted.

4.    Admitted.

5.    Admitted.

6.    Denied.

7.    Repeats responses as set forth in paragraphs 1 through 6.

8.    Denies knowledge or information sufficient to form a belief as to the allegations

set forth at paragraph 8 of the Amended Verified Complaint.

9.    Denied.

10.   Admits that Defendant has an exclusive general agent in New Jersey, and, except as

so admitted, denies the remaining allegations set forth in paragraph 10 of the Amended Verified

Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Amended Verified Complaint fails to state a cause of action upon which relief may be granted.

### Second Affirmative Defense

Defendant is not liable to Plaintiff on the causes of action alleged in the Amended Verified Complaint.

### Third Affirmative Defense

This Court lacks personal jurisdiction over the Defendant.

### Fourth Affirmative Defense

This Court lacks subject matter jurisdiction over this dispute.

### Fifth Affirmative Defense

This Court lacks *quasi in rem* jurisdiction over the Defendant.

### Sixth Affirmative Defense

Plaintiff's claims are barred by the equitable doctrine of unclean hands.

### Seventh Affirmative Defense

Plaintiff's claims are barred by the equitable doctrine of laches.

### Eighth Affirmative Defense

Any damages sustained by the Plaintiff, as alleged in the Amended Verified Complaint, were proximately, directly or solely caused by the negligent acts of third persons whom Defendant had and has no direction or control.

### Ninth Affirmative Defense

Plaintiff knowingly and intentionally assumed any and all risk inherent in the shipment of goods at issue by sea, which is a complete bar to recovery.

## Tenth Affirmative Defense

Any damages that may have been sustained by Plaintiff, as alleged in the Amended Verified Complaint, occurred as a direct result of Plaintiff's own negligent conduct, and not by any negligence of Defendant and as such Plaintiff is barred from recovery in this action.

## Eleventh Affirmative Defense

Plaintiff is guilty of culpable conduct in the events giving rise to the claims now asserted in Plaintiff's Amended Complaint, and its recovery, if any, must be diminished in proportion thereto.

## Twelfth Affirmative Defense

Plaintiff has failed to mitigate its damages.

## Thirteenth Affirmative Defense

The forum is inconvenient and the Amended Verified Complaint should be dismissed pursuant to the doctrine of Forum Non-Conveniens.

## Fourteenth Affirmative Defense

This action, or part thereof, is founded upon improper venue and/or should be transferred pursuant to 28 U.S.C. §1404.

## Fifteenth Affirmative Defense

Plaintiff has failed to make proper service of process upon Defendant.

## Sixteenth Affirmative Defense

This Amended Answer and Counterclaim is made without waiver of any jurisdictional defenses or rights to arbitrate that may exist between the parties. Further, this Amended Answer and Counterclaim is made without waiver of Defendant's right to move to vacate the attachment on any basis, including but not limited to, that Defendant is present in a convenient adjacent district for Rule B purposes.

## Seventeenth Affirmative Defense

The claims for which security is sought are contingent, unaccrued, premature and/or not ripe for adjudication and should result in the vacatur of any attachment of Defendant's property.

## Eighteenth Affirmative Defense

All disputes between the parties are subject to arbitration in London, England.

## COUNTERCLAIM

As and for its Counterclaim against the Plaintiff, Defendant, STX PAN OCEAN CO. LTD., alleges, upon information and belief, as follows:

1.      Under the law and procedure of London arbitration, the prevailing party is entitled to recover its attorney's fees and expenses.

2.      If Defendant successfully defends itself in the London arbitration, it will be entitled to recover its attorney's fees and certain arbitration expenses.

3.      The Court issued the order of maritime attachment requested by Plaintiff and to date, Plaintiff is fully secured by way of a bond issued on the Defendant's behalf.

4.      Defendant's reserves its right to seek countersecurity for the attorney fees and arbitration expenses to be awarded to it in the underlying arbitration.

5.      Defendant reserves its rights to alter and amend this Counterclaim to seek further and additional security from Plaintiff and others that may be liable.

6.      Defendant's counterclaim arose from the same transaction or occurrence that is the subject of the original action.

**WHEREFORE**, Defendant prays:

A.      That the Court vacates the attachment and dismisses Plaintiff's Amended Verified Complaint;

B.      That in the alternative, the Court cites Plaintiff to answer under oath all and singular the matters alleged in Defendant's Counterclaim;

C.      That the Court retain jurisdiction to compel the Plaintiff to arbitrate in accordance with the United States Arbitration Act, 9 U.S.C. § 1 *et seq.*;

D.      That this Court recognize and confirm any arbitration award(s) or judgment(s) rendered on the Counterclaim set forth herein as a Judgment of this Court;

E.      That in the alternative, the Court enter Judgment against Plaintiff on Defendant's counterclaim set forth herein;

F.      That this Court award Defendant its attorney's fees and costs of this action; and

G.      That the Defendant have such other, further and different relief as the Court may deem just and proper.

Dated:  May 2, 2008
        Southport, CT

                              The Defendant,
                              STX PAN OCEAN CO. LTD.

                        By: _____
                              Patrick F. Lennon (PL 2162)
                              Nancy R. Peterson (NP 2871)
                              LENNON, MURPHY & LENNON, LLC
                              The GrayBar Building
                              420 Lexington Ave., Suite 300
                              New York, NY 10170
                              (212) 490-6050 – phone
                              (212) 490-6070 – fax
                              pfl@lenmur.com
                              nrp@lenmur.com

## AFFIRMATION OF SERVICE

I hereby certify that on May 2, 2008, a copy of the foregoing Amended Answer and

Counterclaim was filed electronically and served by FedEx, return receipt mail and/or facsimile on

anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by

operation of the Court's electronic filing system or by mail to anyone unable to accept electronic

filing. Parties may access this filing through the Court's CM/ECF system.

By: _____
Nancy R. Peterson (NP 2871)